# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KIMBERLY R. ROBERTS**                               **CIVIL ACTION**

**VERSUS**                                            **NO: 17-7881**

**GEORGIA BOXER ET AL.**                              **SECTION "H"(3)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 13). For the following reasons the Motion is **GRANTED**.

## BACKGROUND

On July 5, 2017, Plaintiff Kimberly Roberts filed a petition for damages in the Civil District Court for the Parish of Orleans naming Georgia Boxer and Chubb National Insurance Company ("Chubb Insurance") as defendants. Plaintiff alleges that Defendant Boxer negligently crashed into Plaintiff's vehicle. Plaintiff, a Louisiana citizen, initially believed Defendant Boxer to be a citizen of Connecticut, and Defendants filed a Notice of Removal to this Court on August 16, 2017, alleging diversity of citizenship. After certain facts were revealed during discovery, Plaintiff filed the instant Motion to Remand,

1

arguing that diversity of citizenship did not exist at the time of removal because Defendant Boxer is a citizen of Louisiana. Defendants oppose this Motion.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[4] Defendants argue that this case falls within the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

The general rule regarding diversity jurisdiction is that "no party on one side may be a citizen of the same State as any party on the other side."[5] A natural person is a citizen of the state in which he is domiciled.[6] A person's domicile is the place of "his true, fixed and permanent home."[7]

## **LAW AND ANALYSIS**

The sole issue before the Court in considering Plaintiff's Motion to Remand is the citizenship of Defendant Boxer. The citizenship of Plaintiff and Defendant Chubb Insurance are not in dispute, nor is the amount in

---

[1] 28 U.S.C. § 1441.
[2] Manguno v. Prudential Property and Cas. Ins. Co., 273 F.3d 720, 723 (5th Cir. 2002).
[3] *Id*.
[4] Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).
[5] Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).
[6] *Coury*, 85 F.3d at 248.
[7] Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).

controversy. Defendant Boxer argues that she is a citizen of the State of Connecticut despite having resided in New Orleans for ten years. Boxer alleges that she was only temporarily living in New Orleans while in school and has no intention to remain in Louisiana after graduation. Plaintiff argues that the objective facts of the case indicate Defendant Boxer has relocated her domicile to Louisiana.

When a person relocates, "there is a presumption in favor of the continuing domicile."[8] To defeat this presumption, the burden rests with party seeking to invoke federal jurisdiction to demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely."[9] However, "there is no durational residency requirement," and domicile is established "once presence in the new state and intent to remain are met."[10] In determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile," including factors such as "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[11] A defendant's declaration of intent "is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."[12]

Boxer does not dispute that she currently resides in New Orleans, Louisiana. Rather, she argues that she remains a citizen of Connecticut because she does not have the requisite intent to remain in Louisiana. She

---

[8] *Coury*, 85 F.3d at 250.
[9] *Id.*
[10] Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003).
[11] *Coury*, 85 F.3d at 251.
[12] *Id.*

3

argues that she is only residing in the state to attend school and has no intent to remain here. In support of this argument, Defendant cites to several cases in which the court held that a student did not change his domicile by moving to the state for education.[13] However, the present case is distinguishable from these cases in that Boxer has lived uninterrupted in Louisiana for ten years, including a period of time while she was not in school.

The facts show that Boxer has lived uninterrupted in Louisiana for ten years. She moved to Louisiana in 2007 to attend college from which she graduated in 2012. She then attended graduate school in Louisiana from 2015 to December 2017. Accordingly, Boxer lived in Louisiana for a three-year period during which she was not attending school. In addition, she remains in Louisiana despite having graduated several months ago. Boxer worked four different jobs in Louisiana while not attending school. In addition, Boxer has been registered to vote in Louisiana since 2008.

The objective facts overcome Defendant's statement of intent to leave Louisiana after she has completed her education. Indeed, Defendant did complete her undergraduate education but remained in Louisiana for three years during which she admits she decided to attend graduate school. The facts overcome the presumption of continuing domicile, and this Court finds that Defendant Boxer was a citizen of Louisiana at the time this case was removed. Accordingly, complete diversity does not exist, and this Court lacks jurisdiction to hear this matter.

## **CONCLUSION**

---

[13] *Mas*, 489 F.2d at 1400 (5th Cir. 1974) ("Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there."); Burns v. Mercury Ins. Grp., No. 16-10522, 2016 WL 5389742, at *2 (E.D. La. Sept. 27, 2016).

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 13) is GRANTED, and this matter is REMANDED.

New Orleans, Louisiana this 29th day of May, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**